UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO. 4-27

UNITED STATES OF AMERICA, PLAINTIFF,

v. **OPINION & ORDER**

MIKE LANG and DONNIE TAYLOR, DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Defendant Mike Lang's Motion for Judgment of Acquittal pursuant to Fed. R. Crim. P. 29 (Rec. No. 113). For the following reasons, the Court DENIES the motion.

After a jury trial, Mike Lang was convicted of one count of conspiring to bribe certain loan officers in violation of 18 U.S.C. § 371 and two counts of bribing certain loan officers in violation of 18 U.S.C. § 215(a)(1). With his motion, Lang recognizes that four government witnesses who testified at trial– Ryan Flynn, Jamie Grimes, Jacob Pennington and Trevent Hayes[1] – "collectively testified that Mike Lang was directly or indirectly responsible for the payment of money to loan officers as a reward" as charged under Counts 1, 2 and 3. (Rec. No. 113, Motion for Acquittal at 2).

Lang asks the Court to nonetheless set aside the jury's guilty verdict because the testimony of Lang's "alleged co-conspirators was so inconsistent as to render it incredible." (Rec. No. 113, Motion for Acquittal at 2). Lang argues that the jury should have instead believed his witness, Jimmy Lorman, who testified that, prior to trial, government witness Trevent Hayes told Lorman that

---

[1] Flynn and Hayes were employees of Lang's Auto Sales. Grimes and Pennington were the loan officers at Cumberland Valley National Bank who Lang was convicted of bribing under Counts 1, 2 and 3.

Defendant Lang and co-Defendant Taylor were innocent.

Under Fed. R. Crim.P. 29, the only recognized basis for granting a motion for judgment of acquittal is insufficiency of evidence. Fed. R. Crim. P. 29(a). "The standard is whether the government had introduced evidence sufficient for any rational trier of fact to convict, viewing the evidence and all reasonable inferences in the light most favorable to the government. *United States v. Gibson*, 896 F.2d 206, 209 (6th Cir. 1990).

In deciding a motion for judgment of acquittal, neither the district court nor the court of appeals may make independent determinations regarding the credibility of witnesses or the weight to be given certain evidence. *United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir. 1990). "There is no place. . .for arguments regarding a government witness' lack of credibility in a Rule 29 motion for acquittal before a federal trial judge. . . To hold otherwise would be to allow the trial judge to invade the province of the jury as the sole finder of fact in a jury trial." *United States v. Adamo*, 742 F.2d 927, 934-35 (6th Cir. 1984). "It is well settled in this Circuit that attacks on witness credibility are simply challenges to the *quality* of the government's evidence and not to the sufficiency of the evidence." *United States v. Farley*, 2 F.3d 645, 652 (6th Cir.1993). "It is equally clear that issues of witness credibility are for the jury." *Id.*

As Lang's motion does not attack the sufficiency of the evidence upon which he was convicted but instead attacks only the credibility of four of the government's witnesses and the weight that the jury gave to those witnesses, his motion must fail. Lang does not dispute that there was sufficient evidence to convict him if the jury chose to believe the testimony of the government witnesses. Nor does he dispute that the jury was properly instructed as to its role in assessing witness credibility. Thus, the jury verdict must stand.

For all the above reasons, it is hereby ORDERED that Lang's Motion for Judgment of Acquittal (Rec. No. 113) is DENIED.

This the 27th day of April, 2005.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**