UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO.  04-27-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF


v.                                    **OPINION AND ORDER**


MIKE LANG,                                                                   DEFENDANT

* * * * * * * * * * *

This matter is before the Court upon the Motion of Defendant, Mike Lang, by counsel, to alter, amend or vacate his sentence.  For reasons stated below, Defendant's Motion is DENIED.

Lang brings this motion under 28 U.S.C. § 2255 and Civil Rule 60(b). In support of his motion, Lang claims that he is entitled to a reduction of his sentence because certain mitigating factors were not considered by the Court at the time of sentencing. Lang concedes that his pre-sentence report noted that he suffers from Barrett's Esophagus for which he was prescribed Prevacid. However, Lang alleges that the high risk of cancer associated with Barrett's Esophagus and his family history of cancer were not properly disclosed to the court. Lang further alleges that he is not receiving appropriate medical treatment for his condition while incarcerated. Since Lang's motion contains two factually distinct allegations, each of these allegations will be discussed separately.

**Lang's Medical Condition as a Mitigating Factor**

Lang proposes that his medical condition was not given appropriate consideration at sentencing.  In order to succeed on a §2255 motion alleging constitutional error, the

movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Under 18 U.S.C. §3553, the court must consider several factors when sentencing an individual. One such factor that the court must consider is medical care of the defendant. At the time of sentencing, the court was aware that Lang suffered from Barrett's Esophagus and required Prevacid for this condition. The Court considered Lang's condition at the time of sentencing and any further elaboration on the condition itself or Lang's strong family history of cancer would not have resulted in a different sentence. Lang simply does not meet the standard required under §2255 because he has not alleged a constitutional error that had a substantial effect or influence on the sentencing.

Additionally, Lang fails to meet the appropriate threshold for relief under Civil Rule 60(b). Civil Rule 60(b) requires that the movant allege certain reasons for bringing such a motion such as mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b). Lang fails to demonstrate that his allegations fall under any of the reasons specified in Civil Rule 60(b).

**Lang's Medical Care in Prison**

The bulk of Lang's Motion concerns the medical treatment he has received while incarcerated. The alleged lack of appropriate medical care is regrettable, however, neither 28 U.S.C. § 2255 nor Civil Rule 60(b) are the appropriate vehicles by which to bring such an action.

In order to make a motion under 28 U.S.C. § 2255, the movant must allege that **the sentence** was imposed (1) in violation of the Constitution or federal law, (2) by a court that

2

lacked jurisdiction, (3) was in excess of the maximum authorized by law, or (4) otherwise subject to collateral attack. Lang has alleged that he is not receiving the correct medicines and/or correct dosage of medicines and that the Bureau of Prisons has failed to conduct an endoscopy. Assuming the alleged facts are true, the motion must still be denied because the allegations concerning medical treatment at the prison do not concern the constitutionality of the sentence imposed, therefore, §2255 is not the appropriate vehicle for Lang's claim. Likewise, his action fails under Civil Rule 60(b).

Dated this 15th day of September, 2006.

Signed By:

_Karen K. Caldwell_

United States District Judge